UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. FLEMING #802151,

        Plaintiff,                          Hon. Robert J. Jonker

v.                                        Case No. 1:25-cv-00136

KENNETH MCINTYRE, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Bartlett's Motion for Summary Judgment (ECF Nos. 14, 15); Defendant McIntyre's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 21); and Defendant Stamper's Motion for Summary Judgment (ECF No. 23). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be granted and this action terminated.

## BACKGROUND

Plaintiff is presently incarcerated with the MDOC at the Saginaw Correctional Facility (SRF) in Freeland, Saginaw County, Michigan, but the events about which he complains occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. (ECF No. 1). Plaintiff sued the following ICF medical personnel in their individual and official capacities: Registered Nurse Kenneth McIntyre, Registered Nurse Ruth Bartlett, Nurse Eileen Cannon, Registered Nurse Deborah Jones, Registered Nurse Anna Stamper, and Registered Nurse Unknown Fosburg. (ECF No. 1). The Court

screened out all claims except for Plaintiff's individual capacity Eighth Amendment medical care claims against Defendants McIntyre, Bartlett, and Stamper.   (ECF Nos. 4, 5).   In his complaint, Plaintiff alleges that the remaining Defendants received medical kites describing Plaintiff's symptoms between 2022 and 2023 and that each Defendant did not take further action, such as referring Plaintiff for a medical appointment.   (ECF No. 1, PageID.7-11).

The remaining Defendants filed dispositive motions on exhaustion grounds. (ECF Nos. 14, 21, 23).   Plaintiff did not respond to Defendants' motions.   The Court finds that oral argument is unnecessary.   *See* W.D. MICH. LCIVR 7.2(d).

## **STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350,

357 (6th Cir. 2006).    The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.    *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."    *Amini*, 440 F.3d at 357.    The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence," establishing that "there is a genuine issue for trial."    *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).    Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."    *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."    *Daniels*, 396 F.3d at 735.    Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law."    *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof

faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendants' motions are unopposed. The Sixth Circuit has stated that, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-81 (6th Cir. 2011) (" '[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.' " (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991))).

That said, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of

the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421, at *3 (6th Cir. 2000) (table).

**ANALYSIS**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that the PLRA exhaustion requirement requires "proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

-5-

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.   MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).   The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.   (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.   MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019).   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

Defendant McIntyre provides evidence that Plaintiff pursued five grievances through Step III while at ICF.[1]    (ECF No. 21-2, PageID.169-97).

As a preliminary matter, the allegations in two grievances—Grievance No. ICF-23-03-0268-28B and Grievance No. ICF-23-01-0123-28B—do not match the issues in Plaintiff's complaint.   "To exhaust a claim under the PLRA, an incarcerated person's grievance claim must match the issue(s) found in the individual's § 1983 complaint." *Smith v. Washington*, No. 24-12652, 2025 WL 2947014, at *4 (E.D. Mich. Aug. 29, 2025). In Grievance No. ICF-23-03-0268-28B, Plaintiff alleges that a nonparty Corrections Officer threatened him in March 2023 (ECF No. 21-2, PageID.176), and, in Grievance No. ICF-23-01-0123-28B, Plaintiff alleges that he was not timely seen for mental health medication concerns in January 2023 (ECF No. 21-2, PageID.196).   Because the issues in these grievances do not match the issues in Plaintiff's complaint, Grievance No. ICF-23-03-0268-28B and Grievance No. ICF-23-01-0123-28B cannot serve to exhaust any of Plaintiff's claims.

The undersigned now turns to the remaining three grievances.

**Grievance No. ICF-22-10-1209-28B**

On October 4, 2022, Plaintiff submitted Grievance No. ICF-22-10-1209-28B, in which he alleged that he was scheduled for a CT scan while incarcerated at his previous facility for joint pain.   (ECF No. 21-2, PageID.191).   He further alleged that a nonparty

---

[1] Defendants Bartlett and Stamper each provided one of the five grievances in support of their respective motions: Grievance No. ICF-22-12-1391-28E.   (ECF No. 15-3, PageID.103-11; ECF No. 23-2, PageID.229-37).

doctor, apparently at ICF, told him that he may have arthritis, which would require a scan to diagnose. (*Id.*). Plaintiff asserted that he was still having joint pain and that "nothing [was] being done." (*Id.*). The Step I grievance was rejected because it was vague. (ECF No. 21-2, PageID.192). Plaintiff appealed to Step II, in which the rejection was upheld. (ECF No. 21-2, PageID.189-90). Plaintiff also appealed to Step III, but the rejection was again upheld. (ECF No. 21-2, PageID.188-89).

Defendants argue that this grievance does not name or otherwise identify any of them. (ECF No. 15, PageID.88; ECF No. 21, PageID.151; ECF No. 23, PageID.213). The Court agrees. "[T]he failure to name an individual does not necessarily render exhaustion inadequate," but the grievance "must at least include other information identifying the official, such as the official's title or position or even the facts set forth in the grievance." *Herman v. Hawkins*, No. 25-10924, 2026 WL 597551, at *3 (E.D. Mich. Feb. 5, 2026), *report and recommendation adopted*, No. 2:25-CV-10924-TGB-EAS, 2026 WL 595001 (E.D. Mich. Mar. 2, 2026) (citations omitted). "To satisfy administrative exhaustion, a grievant must provide the administrative agency with enough information to give 'fair notice' of the people implicated in the alleged wrongdoing." *Savoie v. Oliver*, 731 F. Supp. 3d 862, 872 (E.D. Mich. 2024) (quoting *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)). Here, Plaintiff failed to provide sufficient information to give any of the remaining Defendants fair notice. A grievance that fails to give prison officials notice of the nature of a claim or against whom it is directed is properly rejected as vague under MDOC Policy, as the grievance was here. *See Vandiver v. Correctional Med.*

*Servs., Inc.*, 326 F. App'x 885, 890 (6th Cir. 2009).    Defendants demonstrated that Grievance No. ICF-22-10-1209-28B cannot serve to exhaust Plaintiff's claims against any remaining Defendant.

### Grievance No. ICF-22-12-1391-28E

On December 2, 2022, Plaintiff submitted Grievance No. ICF-22-12-1391-28E, in which he alleged that he had "been begging healthcare for medical attention" for months to attend to "major pain in [his] spine."   (ECF No. 21-2, PageID.186).    He further alleged that "all healthcare does is give [him] motrin[,] which does not work[,] and a packet for stretches[,] which makes pain worse."   (*Id.*).    The Step I grievance was rejected for being untimely.   (ECF No. 21-2, PageID.187).    Plaintiff appealed to Step II, in which the rejection was upheld.   (ECF No. 21-2, PageID.184-85).    Plaintiff also appealed to Step III, but the rejection was again upheld.   (ECF No. 21-2, PageID.183-84).

Defendants again argue that this grievance does not name or otherwise identify any of them.    (ECF No. 15, PageID.88; ECF No. 21, PageID.151; ECF No. 23, PageID.213).    And again, for the same reasons articulated above, the Court agrees, with the caveat that Plaintiff's identification of "healthcare" as the party grieved is still insufficient to exhaust his claims against the remaining Defendants.    *See Hill v. Buchanan*, No. 21-1673, 2022 WL 16580149, at *3 (6th Cir. Sept. 8, 2022) (finding that Step I references "only to 'health care' and 'medical' in general" fail to exhaust claims against the unnamed and unidentified defendants); *Bonga v. Abdellatif*, No. 18-2074, 2019 WL 4580389 at *3 (6th Cir. Apr. 26, 2019) (rejecting argument that grievant

exhausted claims against unnamed healthcare personnel "by mentioning 'medical providers' in his grievances").

This grievance was also properly rejected.   A grievance "shall be rejected" if it is not filed in a timely manner.   MDOC Policy Directive 03.02.130 ¶ P(5) (Mar. 18, 2019). Under MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019), Step I grievances must be filed within five business days after the grievant attempted to resolve the issue. "Grievances and grievance appeals at all steps shall be considered filed on the date received by the Department."   MDOC Policy Directive 03.02.130 ¶ T (Mar. 18, 2019). Here, Defendants submitted evidence that Plaintiff attempted to resolve the issue on November 22, 2022, and that MDOC received the grievance on December 7, 2022—nine business days later.[2]   (ECF No. 21-2, PageID.186-87).   Plaintiff's Step I rejection for untimeliness was upheld at Step II and Step III.   (ECF No. 21-2, PageID.183, 185). Therefore, Defendants demonstrate that this grievance was untimely.   Accordingly, this grievance cannot serve to exhaust any of Plaintiff's claims.

**Grievance No. ICF-23-01-0114-28E**

Finally, on January 25, 2023, Plaintiff submitted Grievance No. ICF-23-01-0114-28E, in which he alleged the following:

> This facility has serious issues with adequate medical treatment[.]
> I addressed all issues with medical provider when seen in December[.]

---

[2] Under MDOC Policy Directive 03.02.130 ¶ A (Mar. 18, 2019), a "business day" is defined as "Monday through Friday excluding State observed holidays."   The State of Michigan observed Thanksgiving on November 24, 2022, and November 25, 2022, which were excluded from the calculation.   *See* https://www.michigan.gov/som/government/ state-holidays (last visited May 7, 2026).

> After weeks of waiting for response[,] I kited yet again and was told it was being reviewed.   There is no reason I should be forced to suffer while they take their sweet time doing nothing.    This is cruel and unusual treatment[.]   It is my right for treatment.

(ECF No. 21-2, PageID.181).   The Step I grievance was rejected for being untimely. (ECF No. 21-2, PageID.182).   Plaintiff appealed to Step II, in which the rejection was upheld.   (ECF No. 21-2, PageID.179-80).   Plaintiff also appealed to Step III, but the rejection was again upheld.    (ECF No. 21-2, PageID.178-79).

Defendants again argue that this grievance does not name or otherwise identify any of them.    (ECF No. 15, PageID.88; ECF No. 21, PageID.151; ECF No. 23, PageID.213).   And again, for the same reasons articulated above, the Court agrees. This grievance was also properly rejected.

A grievance "shall be rejected" if it is not filed in a timely manner.   MDOC Policy Directive 03.02.130 ¶ P(5) (Mar. 18, 2019).   Under MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019), Step I grievances must be filed within five business days after the grievant attempted to resolve the issue.   "Grievances and grievance appeals at all steps shall be considered filed on the date received by the Department."   MDOC Policy Directive 03.02.130 ¶ T (Mar. 18, 2019).   Here, Defendants submitted evidence that Plaintiff attempted to resolve the issue on January 7, 2023, and that MDOC received the Step I grievance on January 30, 2023—fifteen business days later.[3]   (ECF No. 21-2,

---

[3] The State of Michigan observed Martin Luther King, Jr. Day on January 16, 2023, which was excluded from the calculation.    *See* https://www.michigan.gov/som/government/state-holidays (last visited May 7, 2026).

PageID.186-87).    Plaintiff's Step I rejection for untimeliness was upheld at Step II and Step III.    (ECF No. 21-2, PageID.178, 180).    Therefore, Defendants demonstrate that this grievance was untimely.    Accordingly, this grievance cannot serve to exhaust any of Plaintiff's claims.

Based on the uncontested record, there is no evidence that Plaintiff properly exhausted any grievance to support his claims against any remaining Defendant.    *Bock*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93.    Accordingly, Defendants' motions for summary judgment should be granted.

### CONCLUSION

For the reasons articulated herein, the Court recommends that Defendant Bartlett's Motion for Summary Judgment (ECF Nos. 14, 15); Defendant McIntyre's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 21); and Defendant Stamper's Motion for Summary Judgment (ECF No. 23) be granted and this action terminated.    For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous and not in good faith.    *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: May 8, 2026                                    /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge